FILED
10/11/16 9:59 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In Re:

Michael S. Leahy,
    Debtor(s)

Eric E. Bononi, Trustee,
    Movant
          v.
Michael S. Leahy,
    Respondent(s)

Bankruptcy No. 15-22918-GLT

Chapter 7

Related to Docket No. 60

## ORDER OF COURT

AND NOW, this 11th Day of October, 2016 _, upon consideration of the *Trustee's Application to Employ His Own Attorney*, it is **ORDERED, ADJUDGED and DECREED** as follows:

1.   Eric E. Bononi, Esq., and Bononi & Company, P.C., 20 N. Pennsylvania Avenue, Greensburg, PA 15601, is hereby appointed, as of the date of filing the Application, as Attorney for the Trustee in this bankruptcy proceeding for the reasons set forth in the Motion.

2.   Professional persons or entities performing services in the above case are advised that approval of fees for professional services will be based not only on the amount involved and the results accomplished, but other factors as well including: the time and labor reasonably required by counsel, the novelty and difficulty of the issues presented, the skill requisite to perform the legal service properly, the preclusion of other employment due to acceptance of this case, the customary fee, whether the fee is fixed or contingent, the time limitations imposed by the client or the circumstances, the experience, reputation and ability of the attorneys involved, the undesirability of the case, the nature and length of the professional relationship with the client, and, awards in similar cases.

3.   Approval of any application for appointment of counsel in which certain hourly rates/compensation terms are stated for various professionals is not an agreement by the Court to allow fees at the requested hourly rates or compensation terms, and is not a preapproval of compensation pursuant to 11 U.S.C. §328(a). Final compensation, awarded only after notice and hearing, may be more or less than the requested hourly rates/compensation terms based on application of the above-mentioned factors in granting approval by Court Order.

4.   Notwithstanding anything to the contrary in the letter of engagement or agreement between Movant and Special Counsel, this Order does not authorize Special Counsel to retain or pay any outside counsel or other professional to assist Special Counsel in this matter unless such is done at no expense to Movant, directly or indirectly. Any other retention of and payment to an outside counsel or other professional is subject to prior approval of the Court.

5.   *Applicant shall serve the within Order on all interested parties and file a certificate of service.*

BY THE COURT:

GREGORY L. TADDONIO **drb**
UNITED STATES BANKRUPTCY JUDGE

1

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                Case No. 15-22918-GLT
Michael S. Leahy                                                      Chapter 7
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0315-2          User: ddoy              Page 1 of 1            Date Rcvd: Oct 11, 2016
                              Form ID: pdf900         Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 13, 2016.
db               +Michael S. Leahy,   9007 James Court,   Aliquippa, PA 15001-9535

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                          TOTAL: 0

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 13, 2016                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 11, 2016 at the address(es) listed below:
          Andrew F Gornall    on behalf of Creditor    Wilmington Savings Fund Societ, Et Al...
           agornall@goldbecklaw.com,   bkgroup@goldbecklaw.com;bkgroup@kmllawgroup.com
          Brett A. Solomon    on behalf of Creditor    Wells Fargo Bank, N.A., d/b/a Wells Fargo Dealer
           Services bsolomon@tuckerlaw.com,
           dparanay@tuckerlaw.com;apetronchak@tuckerlaw.com;agilbert@tuckerlaw.com
          Eric E. Bononi    bankruptcy@bononilaw.com,  pa69@ecfcbis.com
          Eric E. Bononi    on behalf of Trustee Eric E. Bononi bankruptcy@bononilaw.com,  pa69@ecfcbis.com
          John L. Walker, Jr.   on behalf of Debtor Michael S. Leahy jwalker@marwlaw.com,
           karen.w@marwlaw.com
          LeeAne O. Huggins    on behalf of Creditor    Bank of America, N.A. pabk@logs.com
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
          Peter J. Ashcroft    on behalf of Creditor    Duquesne Light Company pashcroft@bernsteinlaw.com,
           ckutch@ecf.courtdrive.com;pashcroft@ecf.courtdrive.com;pghecf@bernsteinlaw.com;cabbott@ecf.courtd
           rive.com
                                                                               TOTAL: 8